UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERRITA CARTER, individually
and on behalf of all others
similarly situated,

           Plaintiff,

v.

SOUTHWEST AIRLINES CO.
BOARD OF TRUSTEES,

           Defendant.
_____/

CASE NO. 8:20-cv-01381-WFI-JSS

UNOPPOSED MOTION OF THE SECRETARY OF LABOR
AS AMICUS CURIAE FOR LEAVE TO FILE A BRIEF

Under Local Rule 3.01, the Secretary of Labor ("Secretary") as amicus curiae moves for leave to file the brief attached to this motion. Plaintiff takes no position on this motion, and defendant does not oppose it. *See* Local Rule 3.01(g) certificate on page four below.

In this action, plaintiff alleges violations of certain notice requirements stated in the Secretary's regulation, 29 C.F.R. § 2590.606-4(b)(4)(i), issued to carry out part of Title I of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. The Secretary's attached brief addresses an issue, argued in defendant's Dispositive Motion to Dismiss First Amended Class Action Complaint (ECF #28) ("Motion to Dismiss"), concerning construction of that regulation. In support of this motion, the Secretary states as follows:

1. The Secretary of Labor has primary authority to interpret and enforce Title I of ERISA. *See* 29 U.S.C. §§ 1132, 1133, 1135; *Herman v. S.C. Nat'l Bank*, 140 F.3d 1413, 1423

(11th Cir. 1998). When an ERISA-covered group health plan's participants or beneficiaries experience certain life events, such as divorce, death of a covered spouse, or termination of employment, ERISA requires that the plan notify them and their qualified beneficiaries that they may elect to continue coverage under the plan for a limited time thereafter. Congress expressly authorized the Secretary to issue regulations to implement these notice requirements. 29 U.S.C. § 1168. The Secretary therefore has a strong interest in seeing that his notice regulation here is interpreted accurately.

      2. This case concerns a Department of Labor regulation that requires issuance of certain notices concerning temporary continuation of coverage offered by ERISA-covered group health plans. For some instances when beneficiaries in such plans may lose the plan's coverage, a Department of Labor regulation requires the plan administrator to notify qualified beneficiaries that they can elect (or not) continuation of the plan's coverage. This brief addresses one issue presented in this case:

> Whether a Department of Labor regulation requires that an election notice for continuation of plan coverage contain the plan administrator's contact information, where that election notice lists contact information only for the specific "party responsible for administration of the plan's continuation coverage benefits," 29 C.F.R. § 2590.606-4(b)(4)(i), who is not the plan administrator.

The parties have joined this issue in their filings to date. *See* Motion to Dismiss, ECF #28 at 19-21; First Amended Class Action Complaint, ECF #21 at ¶¶ 4, 32.b.

      3. The issue addressed by the Secretary's attached brief is widely applicable (given the large number of ERISA-covered group health plans) and likely to recur in civil suits (authorized by ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2)) that allege violations of the Secretary's regulation in dispute here. Even if only briefly, at least two district courts have

sought to interpret this regulation.  *See Riddle v. Pepsico, Inc.,* 440 F. Supp. 3d 358, 363–64 (S.D.N.Y. 2020); *Bryant v. Wal-Mart Stores, Inc.*, No. 16-24818, 2019 WL 3542827, at *5 (S.D. Fla. Apr. 18, 2019).

4.  In analyzing the regulation's text and its preamble (published in the Federal Register), the Secretary's proposed amicus curiae brief discusses points possibly not addressed in the parties' filings to date, which cover many more issues than the narrow question of the meaning of 29 C.F.R. § 2590.606-4(b)(4)(i).  The Secretary as amicus curiae therefore believes that his attached brief may assist this Court's analysis of this regulation.

## CONCLUSION

Wherefore, for the foregoing reasons, the Court should grant the Secretary of Labor as amicus curiae leave to file the attached brief.

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor for Plan Benefits Security

THOMAS TSO
Counsel for Appellate and Special Litigation


*/s/ Peter B. Dolan*
PETER B. DOLAN
Senior Trial Attorney, Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave., N.W., Room N-4611
Washington, D.C.  20210
dolan.peter@dol.gov
Office (202) 693-5612  Cell  (301) 717-2696
Telefax  (202) 693-5610

CERTIFICATE OF SERVICE

I certify that on October 5, 2020, I filed a copy of the foregoing

UNOPPOSED MOTION OF THE SECRETARY OF LABOR
AS AMICUS CURIAE FOR LEAVE TO FILE A BRIEF,

with the attached brief for the Secretary of Labor as amicus curiae, electronically in this case through the Court's CM/ECF system, which then electronically served copies of this brief on all counsel registered in this case through the Court's CM/ECF system.

Dated:   October 5, 2020                         /s/  *Peter B. Dolan*
                                                 Senior Trial Attorney


CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Plaintiff's counsel Brandon J. Hill has authorized me to state that plaintiff takes no position on the Secretary of Labor's foregoing motion.  Defendant's counsel, Anthony J. Palermo, has authorized me to state that defendant does not oppose the Secretary of Labor's foregoing motion.

Dated:   October 5, 2020                         /s/  *Peter B. Dolan*
                                                 Senior Trial Attorney