# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHERRITA CARTER, individually
and on behalf of all others similarly situated,

                Plaintiff,

v.

SOUTHWEST AIRLINES CO.
BOARD OF TRUSTEES,                CASE NO. 8:20-cv-01381-WFI-JSS

                Defendant.
_____/

## BRIEF FOR SECRETARY OF LABOR
## AS AMICUS CURIAE

## ISSUE PRESENTED

      This case concerns a Department of Labor regulation governing health plan continuation coverage notices issued pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* For some instances when beneficiaries in an ERISA-covered health plan may lose the plan's coverage, a Department of Labor regulation requires the plan administrator to notify qualified beneficiaries that they can elect (or not) continuation of the plan's coverage. This brief addresses one issue presented in this case:

           Whether a Department of Labor regulation requires that an election notice for continuation of plan coverage contain the plan administrator's contact information, where that election notice lists contact information only for the specific "party responsible for administration of the plan's continuation coverage benefits," 29 C.F.R. § 2590.606-4(b)(4)(i), who is not the plan administrator.

## INTEREST OF THE SECRETARY OF LABOR AS AMICUS CURIAE

The Secretary of Labor has primary authority to interpret and enforce Title I of ERISA. *See* 29 U.S.C. §§ 1132, 1133, 1135; *Herman v. S.C. Nat'l Bank*, 140 F.3d 1413, 1423 (11th Cir. 1998). The Secretary thus seeks to ensure that the country's more-than five million ERISA-covered employee benefit plans are administered in compliance with the statute and the Secretary's regulations. When a plan's participants or beneficiaries experience certain life events, such as divorce, death of a covered spouse, or termination of employment, ERISA requires that the plan notify them and their qualified beneficiaries that they may elect to continue coverage under the plan for a limited time thereafter. Congress expressly authorized the Secretary to prescribe regulations to implement those notice requirements. 29 U.S.C. § 1168. The Secretary has an interest in ensuring that his notice regulation is interpreted correctly and enforced effectively in order to further the congressional policy of protecting the interests of plan participants and beneficiaries with "the disclosure and reporting" of information to them. 29 U.S.C. § 1001(b).

## STATEMENT OF THE CASE

1.  Participants and beneficiaries in ERISA-covered health plans may lose coverage for various reasons. For specified qualifying events, ERISA section 601 requires many plans to offer "continuation coverage under the plan," known as COBRA coverage. 29 U.S.C. § 1161(a).[1] When a qualifying event occurs, ERISA section 606(a)(4) requires the

---

[1] The acronym, COBRA, refers to the legislation that enacted ERISA sections 601-608, 29 U.S.C. §§ 1161-68. *See* Consolidated Omnibus Reconciliation Act of 1985

plan's administrator to send written notice to qualified beneficiaries of their right to elect to purchase continuation coverage ("such beneficiary's rights under this subsection") under the plan. 29 U.S.C. § 1166(a)(4).

In regulations authorized by ERISA section 608, 29 U.S.C. § 1168, the Secretary has set forth the contents required in a COBRA election notice to a qualified participant or beneficiary. In this action, the parties dispute whether the Department's COBRA regulation requires a COBRA election notice to list contact information for the "plan administrator" even if that notice does contain contact information for some other "party responsible under the plan for administration of the plan's continuation coverage benefits." 29 C.F.R. § 2590.606-4(b)(4)(i). ERISA section 3(16)(A) defines a plan's "administrator" as

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
>
> (ii) if an administrator is not so designated, the plan sponsor; or
>
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A).

COBRA requires an ERISA-covered group health plan to offer a continuation of coverage in response to a qualifying event, but administering this continuation of coverage may or may not be a task done by the "plan administrator" as defined in ERISA section 3(16)(A) above. Even where the plan document authorizes the plan's administrator to

---

("COBRA"), Pub. L. 99-272, 100 Stat. 81, 222–37 (Title X of the Act, codified as amended at 29 U.S.C. §§ 1161, 1168).

administer continuation coverage, the plan's administrator may be able to delegate the fiduciary responsibility for administering COBRA continuation coverage to a party not named in the plan document.  In ERISA, "named fiduciaries" are fiduciaries specifically identified in the plan document, such as the plan's administrator defined in ERISA section 3(16)(A)(i).[2]  ERISA section 405(c)(1)(B) states that the plan document may expressly authorize "named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities)."  29 U.S.C. § 1105(c)(1)(B).

    2.    Plaintiff Cherrita Carter is a former participant in Southwest Airlines' ERISA-covered medical benefits plan for its employees, for which defendant Southwest Airlines Board of Trustees ("Southwest") is the plan administrator.  ECF #21 ¶¶ 16, 19, 35 (first amended complaint).  Plaintiff Carter alleges that, when she lost her job at Southwest Airlines, she received from Southwest a COBRA election notice that failed the regulation's requirements, in part because that election notice did not contain any contact information for Southwest as the plan administrator.  ECF #21 ¶¶ 4, 32.b.

Under Federal Rule of Civil Procedure 12(b)(6), defendant Southwest now moves to dismiss — for failure to state a claim — plaintiff Carter's claim premised on that allegation.  ECF #28 at 19-21.  Southwest contends that the election notice here repeatedly set forth the name, address, and phone number of the party responsible for COBRA administration for

---

[2] ERISA section 402(a)(2) states:  "the term 'named fiduciary' means a fiduciary who is named in the plan document, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary by . . . [either or both] an employer or organization with respect to the plan."  29 U.S.C. § 1102(a)(2).

the plan ("Southwest Airlines (c/o Businessolver Inc.)") and that the Secretary's above-cited regulation did not require Southwest's COBRA election notice also to list contact information for defendant Southwest as the plan administrator.  *Id.*

The Secretary as amicus curiae addresses only the question whether a COBRA election notice must state contact information for the plan administrator if that notice contains contact information for a party—who is not the plan administrator—responsible for administering the plan's COBRA coverage.  The Secretary expresses no view on any other issue presented in defendant Southwest's motion to dismiss filed as ECF #28.

## ARGUMENT

### THE SECRETARY'S REGULATION DOES NOT REQUIRE THAT ALL COBRA ELECTION NOTICES STATE CONTACT INFORMATION FOR THE PLAN ADMINISTRATOR.

In its subsection pertinent here, the Secretary's regulation for COBRA election notices states:

> (b) Notice of right to elect continuation coverage.
> 
> \*          \*          \*
> 
> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
> 
> > (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of *the party responsible under the plan for the administration of continuation coverage benefits*; . . . .

29 C.F.R. § 2590.606-4(b)(4)(i) (emphasis added).  The parties dispute whether, in this regulation text, "the party responsible under the plan for the administration of continuation coverage benefits" refers only to the "plan administrator."

Four sources confirm that, in subsection 2590.606-4(b)(4)(i) quoted above, "the party responsible" includes entities that may not be the plan's administrator, in which case subsection 2590.606-4(b)(4)(i) requires contact information only for a "party responsible" rather than for the plan's administrator as well.  First, the regulation's text shows that "the party responsible" can be an entity other than the plan administrator.  Second, the final regulation's preamble refers to a plan's COBRA administrator, if any, separately from the plan's administrator.  Third, the Secretary's post-regulation guidance explicitly distinguishes the specifics of COBRA administration from overall plan administration.  Fourth, by requiring contact information not for the plan's administrator but rather for the entity that actually performs the administrative tasks that COBRA requires, 29 C.F.R. § 2590.606-4(b)(4)(i) promotes plan participants' ability to decide intelligently whether to elect continuation of coverage after a qualifying event.  These points are elaborated below.

(1) In her first amended complaint (ECF #21 ¶¶ 4, 32.b), plaintiff Carter apparently contends that the regulation requires an election notice to always include contact information for the "plan administrator."  But in the regulation's subsection s2590.606-4(b)(4)(i), the phrase, "party responsible under the plan for the administration of continuation coverage benefits," plainly is not limited to the plan's administrator. Subsection 2590.606-4(b)(4)(i) does not refer to the plan administrator; it nowhere mentions the plan administrator.  Rather, it demands only two categories of information:  (1) the "name of the plan" and (2) contact information of the "party responsible under the plan for

the administration of continuation coverage benefits." 29 C.F.R. § 2590.606-4(b)(4)(i). Neither category is limited to plan administrators.[3]

ERISA section 3(16)(A) defines a plan's "administrator" as either "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) [in certain instances,] such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A). The regulation's subsection 2590.606-4(b)(4)(i) does not refer to the statutory provision defining "administrator." It also does not refer either to any designation in the plan's governing document or to the plan's sponsor. The court therefore should reject any invitation to insert omitted terms ("plan administrator") into the regulation's clear text. *See Mahon v. U.S. Dept. of Agric.*, 485 F.3d 1247, 1262 (11th Cir. 2007) (resolving dispute with plain-text reading of a regulation). The plain text of the regulation thus supports defendant Southwest's reading of the regulation.

By declining to inject the term "plan administrator" into subsection 2590.606 4(b)(4)(i) to narrow its term "party responsible," the Court will be merely following the canon of construction that courts will not insert omitted terms into plainly written text. *See, e.g., Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 419–20 (2014) (because ERISA

---

[3] ERISA section 606(a)(4) requires that the election notice be issued by "the administrator" of a plan, but this statutory section does not state any contact information to be listed in the notice. 29 U.S.C. § 1166(a)(4). The question at issue here is whether the Secretary's regulation, 29 C.F.R. § 2590.606-4(b)(4)(i), requires that the election notice issued by the plan administrator contain contact information for the plan's administrator.

section 404(a)(2), 29 U.S.C. § 1104(a)(2), "makes no reference to a special 'presumption' in favor of ESOP fiduciaries," declining to read a presumption of fiduciary prudence into that section); *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 247–48 (2000) (because, for appropriate equitable relief, ERISA section 502(a)(3) [, 29 U.S.C. § 1132(a)(3),] "makes no mention at all of which parties may be proper defendants," declining to limit section 502(a)(3) to fiduciary defendants).

Plaintiff Carter's proposed interpretation runs contrary to another canon of construction: that "terms carefully employed . . . in one place, and excluded in another, should not be implied where excluded." *See Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 716 F.2d 92, 96 (2d Cir. 1983) (citing *F.T.C. v. Sun Oil Co.*, 371 U.S. 505, 514–15 (1963)). In contrast to the omission of the terms, "plan administrator" and "administrator," from subsection 2590.606-4(b)(4)(i), the COBRA election notice regulation elsewhere consistently specifies "the administrator of a group health plan" (§ 2590.606-4(a)), "the administrator" (§§ 2590.606-4(b)(1) and (c)(1)–( 2)), "the administrator of the plan" (§§ 2590.606-4(b)(2), (d)(1) and (3)), and "an administrator" (§§ 2590.606-4(e)(1) and (3)).  Because the regulation consistently specifies the plan's "administrator" elsewhere but not in subsection 2590.606-4(b)(4)(i), "the party responsible" in subsection 2590.606-4(b)(4)(i) does not imply only the plan administrator.

By comparison to the rest of the COBRA notice regulation (29 C.F.R. § 2590.606), the words, "party responsible under the plan for administration of continuation coverage," appear only in subsection 2590.606-4(b)(4)(i), which does not mention the plan's "administrator."  Given the regulation's repeated reference to the plan's "administrator" in

other subsections, the unique occurrence of "party responsible" in subsection 2590.606-4(b)(4)(i) is not a synonym for a plan's "administrator." *See generally In re Appling*, 848 F.3d 953, 959 (11th Cir. 2017) ("We should expect the statute to say 'financial statement' if it conveys that meaning. But the statute instead says 'statement.' To limit the definition to only 'financial statements,' Congress need only say so. ([Citing by way of comparison] 11 U.S.C. § 1125 ('disclosure statement'); *id.* § 101(49)(A)(xii) ('registration statement')); *F.A.A. v. Landy*, 705 F.2d 624, 636 n.16 (2d Cir. 1983) (applying this principle to regulatory text).

The district court in *Bryant v. Wal-Mart Stores, Inc.*, No. 16-24818, 2019 WL 3542827, at \*5 (S.D. Fla. Apr. 18, 2019), erred in reaching the contrary conclusion that the Department's COBRA election-notice regulation at issue here always requires the contact information for plan administrators. The foregoing textual analysis of the entirety of 29 C.F.R. § 2590.606-4 shows that the *Bryant* court mistakenly construed the phrase in subsection 2590.606-4(b)(4)(i), "party responsible under the plan for the administration of continuation coverage," to mean only the plan administrator. *Id.* That interpretation simply reads into the text a limitation that is not there. It also overlooks how the COBRA election-notice regulation elsewhere uses "the administrator" throughout, but uniquely does not do so in subsection 2590.606-4(b)(4)(i).

The *Bryant* court's error stemmed from its misreading of the final regulation and its preamble. The *Bryant* court compared the phrase, "parties from whom additional information . . . can be obtained," in COBRA's *general* notice regulation (29 C.F.R. § 2590.606-1(c)(1)) with the phrase, "party responsible for administration of . . . [COBRA]

coverage" in the *election* notice regulation.  2019 WL 2542827, at *5.  The proposed *general* notice regulation had originally required contact information for the "party responsible under the plan for the administration of continuation coverage."  *Bryant*, 2019 WL 3542827, at *5; *see* 68 Fed. Reg. 31832, 31843 (May 28, 2003) (proposed subsection 2590.606-1(c)(1)).  The court also noted that, in the changes from the proposed general notice regulation to the final regulation, the "model general notice eliminated the requirement that a general notice identify a plan administrator and only required the identification of a COBRA administrator."  2019 WL 3542827, at *5.  The model general notice was the proposed exemplar for plans to follow.  68 Fed. Reg. 31832, 31834 (May 28, 2003).  The court erroneously inferred from these changes that the shift to a more limited phrase, "parties from whom additional information . . . can be obtained" in the final *general* notice regulation meant that term was limited to COBRA administrators, whereas the broader phrase in the proposed *election* notice, "party responsible . . ." must mean both the plan administrator and COBRA administrator.

The *Bryant* court conflated two independent changes from the proposed to final regulations for the *general* notice regulation and the model general notice.  As *Bryant* notes, the preamble to the final regulation explained these changes as a response, in part, to "[s]everal commenters [who] argued that the proposed regulation and model [general] notice should be modified to eliminate or reduce plan-specific information."  *Bryant*, 2019 WL 3542827, at *5 (quoting 69 Fed.Reg. at 30085).  In the final regulation, the Department responded with two separate changes to the regulatory text and the model general notice.

First, the final general notice regulation requires only "the name, address and telephone number of a party or parties from whom additional information about the plan and continuation coverage can be obtained," instead of the "party responsible."  29 C.F.R. § 2590.606-1(c)(1); *see also* 69 Fed. Reg. at 30097; 68 Fed. Reg. 31832, 31843 (May 28, 2003) (proposed subsection 2590.606-1(c)(1)).  Second, the Department re-examined its model general notice itself and, in doing so, indicated that the "party responsible" for COBRA continuation coverage need not be the plan administrator.  The previously-proposed model general notice had identified the plan administrator in addition to the "party responsible under the plan for the administration of continuation coverage."  68 Fed. Reg. 31832, 31843 (proposed model general notice).  The subsequently-proposed model general notice listed the plan administrator's contact information, and then stated that, *in addition,* "[i]f the Plan Administrator does not administer COBRA continuation coverage," then the notice must include the contact information for the COBRA administrator or the "party responsible for administering COBRA continuation coverage."  *Id.* (original emphasis).  In the final regulation, the Department eliminated the need to identify "both the plan administrator and the COBRA administrator" in the model general notice.  69 Fed. Reg. at 30085.  To then conform to parallel changes in the regulatory text, the final model general notice only identifies "the name (or position), address and phone number of party or parties from whom information about the plan and COBRA continuation coverage can be obtained on request." Appendix to 29 C.F.R. § 2590.606-1; *see also* 69 Fed. Reg. at 30097.  The *Bryant* court erred in confusing these parallel changes and failed to recognize that the proposed model general

notice itself confirms the Secretary's consistent reading that the "party responsible" is not always the plan administrator.[4]

(2) The Secretary's contemporaneous interpretation of the COBRA regulation confirms the Secretary's reading of the regulation's plain text.  In the preamble to the notice of the final regulation, the Secretary contemporaneously confirmed that the language in subsection 2590.606-4(b)(4)(i), "party responsible under the plan for [COBRA coverage administration]," can denote an entity other than the plan administrator.  The preamble initially and explicitly lists "persons specializing in COBRA administration" separately from "plan administrators."  69 Fed. Reg. 30084, 30084 (May 26, 2004).  The preamble also repeatedly notes that "the majority of notice obligations are met through the purchase of COBRA administrative services from a number of COBRA administrators" (69 Fed. Reg. at 30092), that "most COBRA administration is accomplished through the purchase of services" (*id.* at 30094), that "small plans will use COBRA administrators to review notices . . . for use by the plan administrator" (*id.* at 30095-96), and that "[g]enerally, COBRA administrators offer plans ongoing administrative services [concerning] . . . COBRA compliance" (*id.* at 30096).  Following these quoted passages, the Secretary

---

[4] For the same reason, in *Riddle v. Pepsico, Inc.,* 440 F. Supp. 3d 358, 363-64 (S.D.N.Y. 2020), the district court erred in endorsing the *Bryant* court's conclusion.  *Riddle* described *Bryant* as finding "that although 'the Department [of Labor] eliminated the requirement that a general notice include the identification of both the plan administrator and the COBRA administrator,' the omission of the 'COBRA administrator's contact information in an election notice' failed to satisfy Section 2590.606-4(b)(4)(i)."  *Riddle*, 440 F. Supp. 3d at 364.  It would have been more accurate to say that *Bryant* found that the omission of the plan administrator's contact information failed to satisfy subsection 2590.606-4(b)(4)(i).  Regardless, the reasoning underlying *Riddle* and *Bryant* is erroneous.

explained that "most plan administrators *and* COBRA administrators have developed procedures to comply with [COBRA]" and that the regulation "provide[s] additional, detailed guidance . . . [for] plan administrators *and* COBRA administrators" (*id.* (emphasis added)).  Likewise, in the model COBRA election notice appended to the final regulation, the instructions specify entering "the Plan Administrator *or* other party responsible for COBRA administration under the plan" as the persons to contact with questions about a plan participant's first COBRA premium payment.  *Id.* at 30111 (emphasis added).

In the preamble to the current regulation, the Secretary also noted that in practice, most group health plans employ – in addition to the plan administrator – a specialized COBRA administrator.  Consistent with widespread practice, the preamble thus further confirmed that, in subsection 2590.606-4(b)(4)(i), "the party responsible for the administration of [COBRA] coverage" can be an entity other than the plan administrator.  *See, e.g.,* 69 Fed. Reg. at 30094 ("[M]ost COBRA administration is accomplished through the purchase of services.)"; *see also* 69 Fed. Reg. 30084-85 and 30092 (similar descriptions of COBRA administrators in practice).  The federal courts "have often recognized that the preamble to a regulation is evidence of an agency's contemporaneous understanding of its proposed rules."  *Wyoming Outdoor Council v. U.S. Forest Serv.*, 165 F.3d 43, 53 (D.C. Cir. 1999) (citation and internal quotation marks omitted).

(3)  Similarly, in its post-regulation guidance on COBRA continuation coverage, the Department of Labor observes the regulation's differentiation between plan administration in general and the particular administrative tasks required by COBRA.  The Department's COBRA compliance booklet specifies only "the plan's COBRA administrator," if different

from the plan administrator, as the plan contact to be named in an election notice. *An Employer's Guide to Group Health Plan Coverage Under COBRA* at 6 (Sept. 2018) (tinyurl.com/qkjb9ru).

(4) In discussing a COBRA notice, the Eleventh Circuit concluded that "the notice must be sent to a person not only legally capable of acting on the notice, *but also capable of acting intelligently on it.*" *Meadows ex rel. Meadows v. Cagle's, Inc.*, 954 F.2d 686, 691 (11th Cir. 1992) (emphasis added). For plan participants and beneficiaries, information about the entity actually administering the COBRA benefits, if different from the plan's administrator, furthers this statutory goal of enabling participants and beneficiaries to act "intelligently" on electing and processing COBRA benefits.

## CONCLUSION

The Secretary of Labor respectfully requests that this Court rule that the Department of Labor's regulation, 29 C.F.R. § 2590.606-4(b)(4)(i), does not require COBRA election notices to include the contact information for plan administrators, where a different entity administers the plan's continuation coverage under COBRA.

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor for
Plan Benefits Security

THOMAS TSO
Counsel for Appellate and
Special Litigation

/s/ *Peter B. Dolan*
PETER B. DOLAN
Senior Trial Attorney
U.S. Department of Labor
200 Constitution Ave., N.W., Room N-4611
Washington, D.C. 20210
dolan.peter@dol.gov
Office Telephone (202) 693-5612
Cell (301) 717-2696
Telefax (202) 693-5610

## CERTIFICATE OF SERVICE

I certify that on October 5, 2020, I filed a copy of the foregoing

BRIEF FOR THE SECRETARY OF LABOR
AS AMICUS CURIAE

electronically in this case through the Court's CM/ECF system, which then electronically served copies of this brief on all counsel registered in this case through the Court's CM/ECF system.

Dated:   October 5, 2020                    /s/  *Peter B. Dolan*
                                            Senior Trial Attorney